IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMANI JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., &#037; Thomas & Company;<br><br>    Defendant. | 8:22CV185<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on the defendant's motion to dismiss. Filing No. 7. This is a purported action for violation of Constitutional rights.

I. FACTS

  In her *pro se* complaint, the plaintiff vaguely expresses dissatisfaction with the findings of an unspecified governmental entity. She alleges a violation of her "Constitutional Right to Discovery and Failure of the Judge to perform his duty." Filing No. 1, Complaint at 3. For relief, she asks "that [her] unemployment benefits claim be reopened" and seeks payment of "all the weeks of missing benefits dating from 2/13/2022 to 5/27/2022." *Id.* at 5. She ostensibly bases jurisdiction on a federal question (a Constitutional violation) and on diversity of citizenship, stating that she is a citizen of Colorado and defendant Werner Enterprises, Inc., is a citizen of Nebraska. *Id.* at 1–2. Attached to the plaintiff's complaint are various documents connected to a Nebraska hearing and decision on the plaintiff's appeal of her application for unemployment benefits. *Id.* at 7–15.

  Defendant Werner moves to dismiss for several reasons, including for lack of jurisdiction. Filing No. 7, Motion. In response to Werner's motion, the plaintiff again

1

submits documents connected to the Nebraska action. Filing No. 11, Response. She essentially concedes she filed in the wrong jurisdiction. Id. at 2.

II. LAW

Jurisdiction is a threshold issue for this Court. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-96 (1998); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). "Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" Nuevos Destinos, LLC v. Peck, 999 F.3d 641, 646 (8th Cir. 2021) (quoting Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990)). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006); V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. Id. In reviewing a pleading, the court may generally consider documents attached to it. Brown v. Green Tree Servicing LLC, 820 F.3d 371, 373 (8th Cir. 2016); (regarding mortgage and notice); Great Plains Tr. Co. v. Union Pac. R.R., 492 F.3d 986, 990 (8th Cir. 2007) (stating the court may consider documents attached to the complaint

2

and matters of public and administrative record referenced in the complaint); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

"'It is established beyond peradventure that a state actor's failure to observe a duty imposed by state law, standing alone, is not a sufficient foundation on which to erect a section 1983 claim.'" *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) (also noting that "[a]lthough it is true that constitutional significance may attach to certain interests created by state law, not every transgression of state law does double duty as a constitutional violation") (quoting *Martinez v. Colon*, 54 F.3d 980, 989 (1st Cir. 1995)). "'Section 1983 guards and vindicates federal rights alone.'" *Stevenson v. Blytheville Sch. Dist. No. 5*, 800 F.3d 955, 965 (8th Cir. 2015) (quoting *Ebmeier*, 70 F.3d at 1013).

The amount claimed by plaintiff generally controls in determining the jurisdictional amount. *See Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969). However, if it appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount, dismissal for lack of subject matter jurisdiction is warranted. *See id.* Even if the allegation of jurisdictional amount has not been challenged, a court has a duty to ensure that the amount in controversy satisfies the statutory requirements. *See, e.g., Clark v. Paul Gray, Inc.*, 306 U.S. 583, 588 (1939) (involving diversity jurisdiction and referring to the court's examination of "pleadings and proofs"). Thus, the district court has subject matter jurisdiction in a diversity case when a fact-finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than the jurisdictional threshold. *See Kopp v. Kopp*, 280 F.3d 883 (8th Cir. 2002). The jurisdictional amount for diversity jurisdiction is $75,000.00. 28 U.S.C. § 1332(a).

"A district court's decision whether to exercise [supplemental] jurisdiction after

3

dismissing every claim over which it had original jurisdiction is purely discretionary." *Nuevos Destinos*, 999 F.3d at 645 n.3 (quoting *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011)). "[W]hen a district court has dismissed every federal claim, . . . 'judicial economy, convenience, fairness, and comity' will usually 'point toward declining to exercise jurisdiction over the remaining state-law claims.'" *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) (quoting *Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016)).

"Though *pro se* complaints are to be construed liberally, . . . they still must allege sufficient facts to support the claims advanced." See *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). A district court does not abuse its discretion in failing to invite a pro se plaintiff to amend his or her complaint. See *Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir. 1999) (holding "a district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading").

III. DISCUSSION

The Court finds the plaintiff's complaint should be dismissed for lack of jurisdiction. The record shows the plaintiff's claim is essentially an appeal of a state agency ruling denying her claim for unemployment benefits. See Fed. R. Civ. P. 12(b)(1). A claim for unemployment benefits allegedly due under Nebraska law does not involve the Constitution, laws, or treaties of the United States, as required to invoke federal question jurisdiction under 28 U.S.C. § 1331. To the extent the plaintiff arguably raises a state law claim, this Court will abstain from exercising jurisdiction in order to avoid interfering with the unemployment appeal procedures available to the plaintiff under Nebraska law.

For purposes of diversity jurisdiction, the jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact-finder

might legally conclude that they are. In other words, an amount that a plaintiff claims is not "in controversy" if no fact-finder could legally award it. Werner argues that, if successful in her unemployment appeal, the plaintiff would be entitled to, at most, approximately $12,740.00 in unemployment benefits. Those benefits are the only relief she seeks. The burden of showing the amount in controversy is on the plaintiff and there is nothing in her complaint, or in her response to the defendant's motion, to indicate that an amount over $75,000 is at issue.

If the Court were to reach the issue, the Court would find that the plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because, as noted above, the Complaint does not allege any facts that provide a basis for granting any such relief. In light of this disposition, the Court need not address the sufficiency of service of process.

IT IS HEREBY ORDERED:

1. Defendant Werner's motion to dismiss (Filing No. 7) is granted.

2. This action is dismissed.

3. A judgment of dismissal will be entered.

Dated this 20th day of January, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5